Sam Novell and Ida Novell, et al. [1] v. Commissioner.issioner. Novell v. Commissioner
Docket Nos. 4735-67, 4749-67, 4757-67, 4758-67, 4919-67.
United States Tax Court
T.C. Memo 1970-31; 1970 Tax Ct. Memo LEXIS 332; 29 T.C.M. (CCH) 92; T.C.M. (RIA) 70031; February 4, 1970, Filed *332 Melvin I. Muroff, for the petitioners. W. Reeder Glass, for the respondent. TIETJENS
Supplemental Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner has moved that this Court reconsider its Memorandum Findings of Fact and Opinion filed December 2, 1969, in the above-entitled case, modifying the same by deciding that Manvil Associates, Inc., for its taxable years ending April 30, 1963, and April 30, 1964, and Manvil Development Corp. of Broward, for its taxable year ending April 30, 1964, failed to qualify as subchapter S corporations due to the existence in those years of a second class of stock. We have carefully considered this motion and the grounds stated in support thereof and we maintain our opinion that both corporations qualified as subchapter S corporations during these years. The Commissioner further moves, in the event that we maintain our opinion that Manvil Development Corp. of Broward qualified as a subchapter S corporation for its taxable year ending April 30, 1964, that we decide the alternative position of the Commissioner that the petitioner-shareholders received additional taxable income in their respective 1964 taxable *333 years from a recovery in excess of their bases in the stock and debt of that corporation. This alternative position was stated in the Memorandum Findings of Fact and Opinion, above referred to, to be in issue and the necessary facts with respect thereto were found. The issue, however, was not decided. For convenience we restate the facts pertinent to this issue. And we decide the issue. Manvil Development reported a net operating loss of $18,794.47 for its taxable year ending April 30, 1963, the first year that it reported either gain or loss. The above loss was deducted by the stockholder-petitioners in their 1963 income tax returns in the following amounts: Mannen
$11,276.68
Novell
2,819.17
Factor
2,819.17
Miller
1,879.45
At the end of Manvil Development's taxable year ending April 30, 1963, the stockholder-petitioners had the following adjusted bases in the nominal stock of Manvil Development. Mannen
$600
Novell
150
Factor
150
Miller
100 93 At the end of Manvil Development's taxable year ending April 30, 1963, the loan accounts of the stockholder-petitioners had the following balances: *10 Account No. 1
Mannen
$128,352
Novell
37,588
Factor
34,588
Miller
23,725
*334 Pursuant to section 1376(b), I.R.C. 1954, the adjusted basis of each individual petitioner's stock is reduced (but not below zero) by an amount equal to his protion of the corporation's net operating loss. Then, to the extent that the amount of the shareholder's portion of the corporation's net operating loss exceeds the adjusted basis of his stock, the basis of any indebtedness of the corporation to such shareholder is reduced (but not below zero) by an amount equal to the amount of the shareholder's portion of the corporation's net operating loss. After making these adjustments it is seen that each of the individual petitioners had a zero basis in his stock and each had the following basis in the balance of the loan account owing him: *10 Account No. 1
Mannen
$117,675.32
Novell
34,918.83
Factor
31,918.83
Miller
21,945.55
The case of $2 Joe M. Smith, 48 T.C. 872 (1967), states the general rule that, in the case where the face amount of a debt is in excess of its basis, a part of each payment thereon must be included in income, being that *335 fraction of the payment the numerator of which is the difference between the face amount and the basis of the debt and the denominator of which is the face amount of the debt. We held in Smith that this general rule applied on facts which are not distinguishable from those of the present case. Accordingly, as Manvil Development made repayments to each petitioner during 1964, a fraction of such payments constituted taxable income to him. The Commissioner has determined that, as the entire amounts of the shareholder loan accounts (Account No. 1), were repaid during 1964, each petitioner-shareholder received income in that year equal to the difference between those amounts and his adjusted basis therein. We uphold this determination except insofar as the Commissioner has failed to consider the effect of the advances of $16,000 which each petitioner made during 1964 to the shareholders loan Account No. 2. We think that the fraction of any payments in 1964 which represents income should have as its numerator the difference between the face amount of the total indebtedness to the shareholder and the shareholder's basis therein and as its denominator the total indebtedness. By "total *336 indebtedness" we mean the aggregate of the balances of Accounts No. 1 and No. 2 at the time of such payments. Decisions will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Estate of Nathan Miller, Deceased, Amelia Miller, Executrix and Amelia Miller, docket No. 4749-67; Harvey Factor and Linda Factor, docket No. 4757-67; Oscar J. Mannen and Harriet Mannen, docket No. 4758-67; Manvil Development Corp. of Broward, docket No. 4919-67.↩